THE PEOPLE ex rel. PHILO T. RUGGLES, Receiver, etc., Respondent, *v.* ORLOW W. CHAPMAN, Superintendent, etc., Appellant.

64   557
129   297
64   557
131   292
64   557
147    28

By the act of 1875 (chap. 337, Laws of 1875), providing for the distribution of the property and effects of the Eclectic Life Insurance Company, no authority is given to the court to direct the superintendent of the insurance department to transfer to the receiver of said company for the purposes of distribution, the securities, etc., belonging to said company, deposited with him for the protection of policyholders; it was the intent of the act, upon an order being obtained in the manner prescribed therein, to require such distribution to be made by the superintendent himself.

Accordingly, *held,* that an order directing the issuing a writ of mandamus requiring said superintendent to assign and deliver to the receiver the securities, money and property of said company in his hands, was improperly granted.

(Argued March 28, 1876; decided April 4, 1876.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department affirming an order of Special Term directing the issuing of a peremptory writ of mandamus commanding defendant as superintendent of the insurance department of the State of New York to assign, transfer and deliver over to relator, as receiver of the Eclectic Insurance Company, the securities, moneys and property belonging to said company deposited in the insurance depart-

ment by said company, " to the end that they may be enforced or the proceeds thereof otherwise obtained for distribution among the parties entitled thereto."

It appeared, and was recited in the order, that an action was commenced against said corporation in the Court of Common Pleas in and for the city and county of New York for its dissolution in pursuance of the provisions of the Revised Statutes, in which action judgment was entered dissolving the corporation and appointing a referee to determine the amount and priority of claims against the company ; that the attorney-general made application at the foot of said judgment for an order directing the distribution of the property deposited in the insurance department, pursuant to chapter 337, Laws of 1875 ; that the application was referred, and the referee made his report, among other things, recommending the transfer of said assets and property to the receiver, with proper provision for the protection of the fund and its application for the benefit of policyholders, which report was confirmed and an order entered directing such transfer ; but that the superintendent, upon service of copy of the order, and upon demand being made, declined to make the transfer.

*Henry Smith* for the appellant. The appellant could not transfer the securities in his hands to the receiver, unless authorized by the legislature to do so. (*Ruggles* v. *Chapman*, 59 N. Y., 165.)

*Jno. L. Hill* for the respondent. The order directing a transfer of the securities to the receiver was proper. (*People ex rel.* v. *Green*, 58 N. Y., 295[*] ; chap. 337, Laws 1875 ; chap. 463, Laws 1853, § 6 ; 4 N. Y. Stat. at Large, 218 ; *Cochran* v. *Van Surlay*, 20 Wend., 365 ; *Towle* v. *Forney*, 14 N. Y., 423 ; *Leggatt* v. *Hunter*, 9 id., 445 ; *Suydam* v. *Williamson*, 24 How., 427.)

Miller, J. This is an appeal from an order of the General Term, affirming an order of the Special Term, that a

peremptory mandamus issue commanding the appellant to deliver to the relator, as receiver of the Eclectic Life Insurance Company, certain securities deposited with the insurance department by the said company, in order that the said securities may be enforced, or the proceeds thereof obtained for distribution among parties entitled to the same, as their rights appear in an action in the Court of Common Pleas of the city and county of New York, in which judgment was granted that said company be dissolved, as an insolvent corporation.

In an action brought by the relator against the appellant (59 N. Y., 163), in reference to the same subject-matter, it was held that the receiver had no authority to require from the superintendent of the insurance department the securities deposited with him by the said company, as security for the policyholders, in pursuance of chapter 463, Laws of 1853, as amended by chapter 300, Laws of 1862 ; and that the courts have no power to compel the superintendent to transfer the trust imposed upon him by said act. If any right to the securities referred to exists, it is founded upon the provisions of chapter 337 of the Laws of 1875, which was passed, as its title indicates, to facilitate the distribution of the property and effects of the company named. The first section of the act, after reciting the dissolution of the company and the appointment of a receiver, provides that the attorney-general may apply to the court for an order directing the distribution of the securities, money, etc., belonging to or deposited by the company with the insurance department, and authorizes the court, upon the report of a referee to be appointed for that purpose, to direct that the securities be distributed among the policyholders, as their rights may be determined, and the residue, if any, to be distributed to and among the other persons having legal rights therein, as the same may be established. The second section declares that, upon such order being entered, certified and served on the superintendent, he is authorized and directed to assign, transfer and deliver the said securities, money and property, or otherwise

dispose of the same as he may be directed by said order. The act is carefully guarded, and evidently was designed to protect the rights of policyholders in the disposition of the securities and the distribution of the avails which might be realized.

The first section of the act provides for a distribution among the policyholders first, evidently having in view the protection of the interests of these parties. This distribution cannot take place until the securities are collected and the money received, so as to make a proper division of the proceeds, ratably, according to the several interests of the policyholders and others. An absolute transfer of the securities to the receiver would prevent the distribution among the persons mentioned until they had been collected by him, and hence this officer would make the distribution, and not the superintendent, as appears to have been contemplated by the act. Although the second section of the act authorizes an assignment, transfer and delivery of such securities, money and property, I think that it was not intended to direct the superintendent to deliver the securities themselves to the receiver, and thus place the distribution in his hands, but to dispose of them, by assignment or otherwise, for the purpose of realizing the amounts thereof and to distribute the money, ratably, according to law, among those entitled thereto.

The transfer of the securities from the superintendent to the receiver, that he may collect and deposit the proceeds with the Union Trust Company, as the order directs, is not contemplated by the act in question or authorized by its requirements. Besides it would appear to be a needless and unnecessary proceeding, as the superintendent has full authority to collect as well as to distribute the avails of the securities, and it is clearly more in accordance with the purpose for which these securities were deposited, that they should be collected and disposed of by the superintendent of the insurance department, upon whom is enjoined the especial duty of guarding and protecting the rights of policyholders as well as creditors. No injury can accrue by such a proceeding;

while it is not difficult to see that the transfer of the securities from the custody of the officer, who must be well acquainted with their real value, may increase the expense of collection and distribution, and be detrimental to those who are interested in the fund which might be realized from the same.

The retention of the securities and property, and the collection and distribution of the avails when realized is more consistent with the provisions of the act of 1853, by which the good faith of the State is pledged that this officer should hold the fund for the benefit of the policyholders without its being subject to the hazard and expense of a transfer to a receiver. Such a contingency is provided for by the first section of the act which limits the distribution among the policyholders, as their rights are determined by the court. As yet there has been no such adjudication and no order directing any such distribution.

The views expressed dispose of the case, and it is not necessary to consider the other questions presented, and as the act in question does not direct an assignment of the securities to the receiver, and as its provisions can be carried into effect after the proper order is made allowing the superintendent to distribute the proceeds, the order of the Special Term granting a mandamus and that of the General Term affirming the same, was wrong and should be reversed, and motion denied with costs.

All concur.

Order reversed and motion denied.