IN THE MATTER OF THE GUARDIAN MUTUAL LIFE INSUR-
ANCE COMPANY.

IN THE MATTER OF THE WIDOWS AND ORPHANS' BENEFIT
LIFE INSURANCE COMPANY.

IN THE MATTER OF THE NEW YORK STATE LIFE INSUR-
ANCE COMPANY.

IN THE MATTER OF THE RESERVE MUTUAL LIFE INSUR-
ANCE COMPANY.

*Receiver of insolvent insurance company — not entitled to security deposited with
superintendent of insurance department — chap. 463 of 1853.*

A receiver of an insolvent insurance company, appointed under chap. 463 of the
Laws of 1853, is not entitled to have transferred to him the securities deposited
by the company with the superintendent of the insurance department.
*Chapman* v. *Ruggles* (59 N. Y., 163) and *People ex rel. Ruggles* v. *Chapman* (64
N. Y., 557) followed.

APPEAL from an order of the Special Term directing the super-
intendent of the insurance department to transfer to the receiver of
the above companies securities to the amount of $400,000, which
had been deposited with him by those companies, under chapter
463, Laws of 1853.

*A. H. Schoonmaker, Jr.*, attorney-general, and *E. W. Paige*, for
the appellant, the superintendent of the insurance department.

*Peckham & Tremain*, for the respondent, H. R. Pierson, receiver,
etc.

LEARNED, P. J.:
In the case of *Ruggles* v. *Chapman* (59 N. Y., 163) the Court of
Appeals decided that the receiver of the Eclectic Life Insurance
Company was not entitled to have a transfer to him of the securi-
ties deposited with the superintendent of the insurance depart-

ment.   The receiver in that case was appointed under the provisions of the Revised Statutes, in a suit brought by a creditor and a stockholder.

In the present cases the application for a similar transfer is made by a receiver appointed under chapter 463, Laws of 1853.   And it is urged, on his behalf, that the foregoing decision is not applicable; because in the seventeenth section of that act it is declared that the court shall decree a dissolution of the company and a distribution of its effects, *including the securities in the hands of the superintendent.*

But a statute was passed in 1875 in regard to that Eclectic Life Insurance Company to facilitate the distribution of its effects. (Laws of 1875, chap. 337.)   That act recited the appointment of a receiver of the company, and provided that the attorney-general might apply to the Court of Common Pleas for an order directing the distribution of the securities deposited with the insurance department; and that upon the granting of such order the superintendent of that department should transfer such securities as might thereby be directed.   That act therefore gave substantially as much power to the Court of Common Pleas in the action which had been commenced by a creditor, and as to the Eclectic Insurance Company, as is given by chapter 463 of the Laws of 1853 to the Supreme Court in proceedings taken by the attorney-general, as to life insurance companies generally.   After the passage of that act the receiver of that company obtained an order from the Court of Common Pleas, directing the transfer of those securities to the receiver.   And thereupon a *mandamus* was granted in the Supreme Court to compel the superintendent to make such transfer. On appeal to the Court of Appeals, the order for a *mandamus* was reversed.   The court held that the transfer of the securities from the superintendent to the receiver was not contemplated by the act, nor authorized by its requirements.   They held that the transfer was a needless proceeding, which might increase expense and be detrimental to those who were interested in the fund.   (*People ex rel. Ruggles* v. *Chapman,* 64 N. Y., 557.)

That decision seems to be conclusive on the matter before us. The power given by the act of 1875 to the Court of Common Pleas to distribute these securities is as full in its language, and appears to be as great in its extent, as the power given to the Supreme Court

by the act of 1853. As it was held that the act of 1875 did not contemplate or authorize a transfer to a receiver who is even mentioned in the act, certainly the act of 1853 does not require any transfer, in its general application to the subject.

It is true that the act of 1853 gives the Supreme Court power to decree a distribution of these securities. That provision means a distribution to those who are entitled as policyholders or otherwise. There is no necessity whatever, in order to carry out such distribution, that the securities should be removed from the present lawful custodian. If the court could decree a distribution, in case the securities were in the hands of a receiver, they can decree the same distribution by the superintendent. All of the questions which are said to be intricate can be determined on the application of the superintendent, or of the parties interested, or in some proper form, as well if the securities remain where they are, as if they should be put in a receiver's hands.

We see no authority in the court to take the property out of the hands of the superintendent, who is the official trustee, except by decreeing a distribution. (See *Ruggles* v. *Chapman, ut supra*.) And it is evident that such a transfer as is asked for would be undesirable. It would burden those securities with the taxable fees and expenses of a receivership instead of leaving them in the management of a salaried officer of the State.

The orders granted should be reversed, with ten dollars costs and printing.

BOCKES, J.:

The decision by the Court of Appeals in the cases cited seems conclusive of the question here presented. I confess I should have readily, as it seems too readily, reached a different conclusion in the absence of the binding authority of those cases. It strikes me that the correct mode of working out an application of the funds to be obtained from the securities held by the superintendent to the use and benefit of those entitled to share them, would be through the receiver; and that to this end the latter, under proper safeguards, should have the custody of such securities with a view to their collection and the proper distribution of the avails. This mode of administering the assets for the benefit of those entitled to

them, appears to me the most simple, expeditious, and least expensive; and, for aught I can see, it would be, or could be made to be, entirely safe. But, under the binding authority of the decisions cited, the question is not open to discussion. The orders appealed from must be reversed.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Orders reversed, with ten dollars costs and printing disbursements.