W. S. RELFE, SUPERINTENDENT, ETC., Plaintiff in Error, *v.* WILLIAM SPEAR ET AL., Defendants in Error.

### June 4, 1878.

When the Circuit Court, in a proceeding instituted by the State, through the superintendent of insurance, against an insurance company for violation of the insurance laws, dissolves the company and proceeds to wind up its affairs, the court, through its receiver, takes possession of the company's securities as a necessary incident. The superintendent has no control of the securities as trustee, but it is the duty of the court to distribute, among those entitled to it, the property of the company thus dissolved; and a bill filed by him against the receiver, asking the court's advice as to how the securities shall be disposed of by him, is properly dismissed.

ERROR to St. Louis Circuit Court.

*Affirmed.*

REYNOLDS & FROST, for plaintiff in error: The superintendent of insurance is a trustee, for the benefit of all the policy-holders of a company, of all securities deposited by a company with him. — 2 Story's Eq. Jur., sect. 964; *Ruggles* v. *Chapman*, 59 N. Y. 163; *Rollo* v. *Insurance Co.*, 23 Gratt. 509; *Pennebaker* v. *Tomlinson*, 1 Tenn. Ch. 111, 594; *Smith* v. *Insurance Co.*, 2 Tenn. Ch. 727. And he is the proper party to distribute such securities. — *The People ex rel.* v. *Chapman*, 64 N. Y. 557. And being in doubt as to the proper disposition of the funds, it was proper for him to apply to the court for directions. — *Hayden* v. *Marmaduke*, 19 Mo. 403; *Academy, etc.*, v. *Clemens*, 50 Mo. 167.

POPE & McGINNIS, for defendants in error: The superintendent of insurance, with respect to these securities, was not a trustee, and has no right to file a bill for direction.— Story's Eq. Jur., sects. 806–809 ; Perry on Tr., sect. 928 ; *Hayden* v. *Marmaduke*, 19 Mo. 403. The receiver appointed by the court, as an officer of the court and under its direction, is the proper party to take charge of the assets involved. — Kerr on Rec. 182, 183 ; High on Rec., sect. 144 ; *Gelpeke* v. *Railroad Co.*, 11 Wis. 454.

HAYDEN, J., delivered the opinion of the court.

The question here involved arises upon demurrer to a bill brought against the receivers of several insurance companies, and other persons. Under the insurance laws of this State, the present plaintiff, the superintendent of the insurance department, proceeded in different actions against five life-insurance companies, and these were dissolved by decrees of the court below, and receivers appointed under the statute. By law it is provided that the superintendent, upon receipt of the companies of the securities which they are required to furnish, shall, in the presence of an agent of the company, deposit them in a box requiring two different keys to unlock it, one to be kept by the superintendent; the other by the company, which box shall be kept in the vault of the Safe Deposit Company of St. Louis. These keys the plaintiff yet retains in his possession, refusing to give them up to the receivers of the respective companies, and brings this bill against these receivers and against certain creditors who have filed their claims with the receivers. The contention of the plaintiff is that under the insurance laws of this State he is a trustee for the policy-holders of the securities required by the law to be deposited ; that these securities, as a trust-fund, go to him as superintendent, and not to the receivers appointed by the court in the suits brought by the superintendent, and under the decrees in which the companies have been dissolved and their business is to be

wound up. In order that he may know how to properly dispose of these securities, the plaintiff asks directions of the court, as a court of equity, as to their disposition. It is further contended that the terms of these decrees, or of some of them, allow the securities to remain in the hands of the plaintiff as superintendent, and do not put them in the receivers' hands. The court below sustained the demurrers; and the plaintiff refusing to plead further, final judgment was given accordingly.

The questions here involved depend upon the insurance laws of this State. Those which have only a general bearing it is unnecessary and would consume too much space here to cite. See Wag. Stats. 732 *et seq.;* id. 744, sects. 19, 20, *et seq.* By sect. 41 of art. 2 of Wagner's Statutes, p. 753, the grounds of procedure and steps to be taken by the superintendent in case of actions by him against unsound or insolvent companies are prescribed. In the case of *Relfe* v. *Insurance Company*, 5 Mo. App. 173, this court had occasion to consider and construe the corresponding section relating to fire insurance. Wag. Stats. 772, sect. 32. The language of both of these sections which is here material is the same. Describing what shall be done while the case is in court, both sections say, in substantially the same words, " The court or judge may, at any time after the filing of the petition, appoint agents or receivers to take possession of the property of said company, and may upon the final hearing make such orders and decrees as may be needful to suspend, restrain, or prohibit the further continuance of the business of said company, or any part thereof, or for the dissolution of said company and the winding up of its affairs." In the case just cited it was held that full chancery powers are given by the words of the statute, and that where a company has once brought itself within the mischief of the act, and the case is before the court, the whole matter is, to quote the language there used, " relegated to the forum of the chancellor, where there are

process and full powers adequate to every exigency and· the protection of all interests.'' As under our statute the prosecution is a public prosecution, instituted by the State for a violation of the general law, and the superintendent is himself the party plaintiff, if any erroneous action is taken by the court, exception to that action can be made in the ordinary way, and the error, if any, corrected. But apart from this, as the court has full chancery powers, if the court dissolves the company and proceeds under the statute to wind up its affairs, the court takes possession of the securities as a necessary incident to the purpose. This the court'does through its officers called receivers, whose powers arise, not from general rules, but from special orders adapted to the exigencies of the case, and which are proper to effect the purpose of the statute. To the action of the court the superintendent may take exceptions in the regular way, and if aggrieved may appeal where the right is given. But he cannot require that the court should abdicate its functions as a court, nor can he proceed upon the basis that the full chancery powers expressly or impliedly· given by the statute, and necessary to carry out the purposes of the forty-first section, will not be properly exercised by the court and its officers. The court has no advice to give him, and he has no advice to receive, as the court itself, under the statute, has undertaken the question of the duties about which in the present bill he asks to be advised. It is said, indeed, there is no description of the duties of a receiver, but merely a designation of the office as such. It might with the same force be argued that there is no description of the powers which the court shall possess. As what is said necessarily implies that the court acts as a court of equity, so all the powers of such a court are implied ; and in the same way it is necessarily implied that the receiver acts as the officer and agent of the court, with such powers as are proper to be granted to accomplish the purposes of the statute. Such powers the court may

grant; and in what he does the receiver is at all times under the direction of the court, which by supplementary orders may accomplish the further purposes of the law. It is the statute which governs, and the objections made in fact resolve themselves into objections to the terms of the statute. If it is granted that the court possesses full equity powers, and is to finally dispose of the matter as the law contemplates, and wind up the concern, the rest follows. It is only by a violation of the statute that the power can be denied to the court; and as between a court and a mere executive officer, if any question of security to policy-holders could arise, the presumption is that the interests of the policy-holders will be safer in the hands of the court. But the basis of the plaintiff's argument is unfounded. The superintendent may be a custodian of property: it does not follow he is a trustee, with the power of disposition. To guard against the loss or dissipation of the securities, certain powers, chiefly of a negative character, are given. The superintendent must be present when the box containing the securities is opened, and, as a check, he keeps one key. Wag. Stats. 736, sect. 20. Where the power of taking the securities and delivering them is given to the superintendent, it is given to him only under order and direction of the court, as in case where an unsatisfied execution is returned, and thereupon proper proceedings for the purpose are taken. Wag. Stats. 746, sect. 24. Thus the powers of the court here, as in cases of insolvency and dissolution, intervene before there can be any disposition of the property made by the superintendent. He is a custodian who exercises preventive and police powers until the exigency occurs when there is no further need of his services and the court itself takes possession of the securities.

It is unnecessary to examine the terms of these particular decrees and the manner in which they are worded. The right of the superintendent of the insurance department to the custody of the securities does not exist on the facts

stated in the bill, nor is he entitled to the advice of a court of equity, or to receive its direction in the premises. If in regard to the receivers there are defects in the decrees, which we do not find, such defects could not give plaintiff relief to what he is not entitled on the facts.

The cases of *Ruggles* v. *Chapman*, 59 N. Y. 163, and *The People, ex rel. Ruggles*, v. *Chapman*, 64 N. Y. 557, were under the New York statutes, and were obviously not in point. Under our statutes the proceedings are by the superintendent of the insurance department, who himself complains, and by the process of the State brings the property into court; and the court then, to carry out express provisions of the statutes, undertakes the distribution of property among those entitled to it according to law. Under the New York statutes the provision is that the superintendent shall hold the security for the policyholders, and may permit the company, while solvent, to collect the interest on dividends, etc. In the view of the Court of Appeals of that State, the superintendent is the officer who, by their statutes, is to make the distribution. 64 N. Y. 560. By such acts the superintendent has full authority, as the court holds, to collect as well as distribute the avails of the securities. Under our act there is not even any apparent conflict of duties, and the specific provisions of the forty-first section leave no room for doubt, while the provisions of the nineteenth and immediately succeeding sections of chap. 11, on the subject of life insurance, are to be considered in connection with the act of March 14, 1872. Acts 1871, p. 73.

The plaintiff makes out no case upon the facts, and the court below properly sustained the demurrer to the petition.

The judgment is affirmed, all the judges concurring.