LORRIN A. COOKE AND ANOTHER, RECEIVERS, *vs.* ALEXANDER WARNER, TREASURER OF THE STATE.

Hartford Dist., March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The statute, (Gen. Statutes, 1888, § 2914,) provides that when any state shall require insurance companies of other states to deposit with some officer therein securities in trust for policy holders as a prerequisite to

doing business in such state, the treasurer of this state may receive such securities from any insurance company of this state and hold them in trust for its policy holders, the company to receive the interest and dividends thereon. A life insurance company of this state that had deposited such securities with the state treasurer, became insolvent and went into the hands of receivers, the decree of the court authorizing them to take possession and control of the assets of the company. Held that the receivers were not entitled to the possession and control of these securities.

The state treasurer held them under a special trust, and subject to the general law of trusts.

And it was his duty, as such trustee, to distribute the fund among the persons entitled to the benefit of it, on the termination of the trust.

And held that, under the statute, the receivers were entitled to the income and dividends from the securities while they remained in the hands of the treasurer.

[Argued March 7th—decided April 9th, 1888.]

AMICABLE SUBMISSION to the Superior Court in Hartford County, upon an agreed statement of facts, of the question whether the plaintiffs, receivers of the insolvent Continental Life Insurance Company, were entitled to demand and take possession of certain securities deposited by the insurance company before its insolvency with the defendant, the treasurer of the state, as security for its policy holders; reserved for the advice of this court. The case is fully stated in the opinion.

*J. R. Buck,* for the plaintiffs.

*C. E. Gross,* for the defendant.

PARDEE, J.  In 1862 the legislature granted to certain persons named in the charter and to their successors, under the name of the Continental Life Insurance Company, power to sell insurance upon lives, for their private profit. The capital stock was fixed at $300,000.

The legislatures of several states forbade it to take premiums within those states severally from the citizens thereof for insurance upon lives, until it had deposited money or securities of the value of $100,000 with the treasurer of

this state in trust for its policy-holders. For the purpose of aiding it and other like corporations in meeting this requirement the legislature of this state enacted the following:—

"When any state shall require insurance companies of other states to deposit with some officer of such other state securities in trust for policy-holders of such companies as a prerequisite to their transacting business in such state, the treasurer of this state may receive from any insurance company of this state the securities required by the laws of such other state on deposit, and hold the same in trust for the policy-holders of such company; but such company may collect and receive the interest and dividends thereon." Gen. Statutes, 1888, sec. 2914.

Under this statute the Continental Life Insurance Company deposited with the treasurer of this state securities of the value of about $100,000, in trust for its policy-holders. The defendant, now treasurer, holds the securities; and he has issued sundry certificates under seal at the request of this company stating that he held this fund upon the trust named, which certificates the company sent to states where it transacted business.

On the 2d day of December, 1887, the insurance commissioner of this state brought an application under the provisions of the statute in such cases provided, to Hon. Elisha Carpenter, a judge of the Supreme Court of Errors, showing that the assets of the Continental Life Insurance Company were less than its liabilities, and asking for the appointment of a receiver for the company, and that its charter might be annulled; upon which application such proceedings were had that on the 23d day of December, 1887, Messrs. Lorrin A. Cooke and John R. Buck were duly appointed receivers of the company and its charter was annulled.

Subsequently Messrs. Cooke and Buck duly qualified as such receivers, and entered upon their duties and are now acting as such receivers. In January, 1888, they made demand on Warner for the delivery to them as such receivers of the securities so held by him, for the purposes connected

with the administration and distribution of the estate of the Continental Life Insurance Company according to law; but he declined to surrender them.

The following is that portion of the decree passed by the court appointing the receivers, and relating to the property and assets of the company:—

" It is therefore, now, on this 23d day of December, A. D. 1887, ordered, adjudged and decreed by me, Elisha Carpenter, a judge of the Supreme Court of Errors as aforesaid, that Lorrin A. Cooke of Barkhamstead, and John R. Buck of Hartford, Conn., be and they hereby are appointed receivers in said cause, with full power and authority, immediately upon their qualification as receivers, to enter upon and take possession of all and singular the estate and property of every name and nature of said corporation, real and personal, corporeal and incorporeal, including all the moneys, credits, choses in action, evidences of debt, books, deeds, leases, contracts, papers and vouchers, or in whatsoever way said property or evidence of property may be known or designated, and the same to demand, collect and receive by suit or otherwise ; and to this end the officers, agents and employees of said company, and all other persons having the custody, care, possession or control of said property, evidences of property, etc., so to be taken possession of by said receivers, are hereby ordered and required forthwith, upon request of said receivers, duly qualified as aforesaid, to surrender, give up and deliver the same to said receivers, their agents and employees, unless said possessors have legal right to the control of the same ; and the legal possession and control shall vest and is hereby vested immediately in said receivers, and the legal title to all the property, both real and personal, of the said Continental Life Insurance Company, wherever situated, is hereby declared to have vested in said receivers in accordance with the provisions of its charter and of the said statute. And said receivers are hereby empowered to retain and employ such legal counsel and attorneys, agents, servants, laborers, accountants, clerks and assistants as they may deem necessary to, and in the

performance of, their duties under this appointment, and for this purpose to appropriate and use the money aforesaid, together with the income from and proceeds of said various items of real and personal property and money in their hands under the direction of court. And said receivers are authorized to settle, adjust and satisfy all claims growing out of their contracts and the business done under their orders, and are enjoined, on being qualified as aforesaid, to at once enter upon and take possession of the offices of the company, and of all the property of which they are appointed receivers, and without any delay to make out and file with the clerk of the Superior Court for the county of Hartford, within thirty days from the date of this order, an inventory of all the property which shall come into their hands as receivers, including choses in action and evidences of debt due and owing to said company, and all money on hand at the time of their so taking possession as aforesaid; and said company, its officers, agents, employees, servants and attorneys are hereby restrained and enjoined from interfering in any manner with the property, books, papers and vouchers aforesaid, after said receivers shall have qualified as such and made demand, except to deliver and surrender the same into the hands and possession of said receivers.

" It is further ordered that said receivers, without delay, collect the debts and claims due said company, and they are hereby empowered and directed to sell and dispose of the real estate of said company, and to execute in their own names as such receivers all necessary and proper conveyances of the same, under the direction and subject to the approval of court, and to sell and dispose of all other property of said company, and in their own name as receivers, or in the name of said insurance company to institute, continue, maintain and defend all actions at law or in equity relating to such company, whether now pending or not."

There are in all about seven thousand persons holding policies of insurance in the company, and residing in this and other states. The company had at the time of the appointment of the receivers other assets, both real and personal,

and had other obligations besides those arising under its policies of insurance, but the amount of said assets and of said obligations it is impossible at present to state.

The effect of these statutes of our own and other states and of the act of the Continental Life Insurance Company in compliance therewith, is the creation of a trust fund in the hands of a trustee for a class of beneficiaries described with particularity; as perfect a trust as can be created by deed or will, and as much entitled to protection from the court.

It is elementary law that a fund cannot be taken from a trustee in the absence of an allegation that he is wrong either in possession or in administration.

By the statute of this state, upon the insolvency of an insurance company a judge of this court is empowered to appoint receivers of its assets and annul its charter. But this statute cannot confer upon the receivers power to disregard any existing lawful contract. They can no more compel the trustee to surrender property lawfully subjected to a trust, than they can compel a mortgagee, or pledgee to release without payment.

It is of no legal significance that they aver that they intend to apply the fund for the benefit of those for whom it was created. So will the trustee.

The duty of the receivers is to convert assets and pay creditors *pro rata.* It is found that the company has creditors who are not policy-holders. If the trust fund is placed in the hands of the receivers, it may become impossible to prevent the application of it to the claims of general creditors. Even if it should be placed in the hands of the receivers under an order limiting the application thereof to policy-holders, it may become legally impossible to enforce it.

It is suggested that the receivers are in need of this fund for the purpose of redeeming other assets from pledge. But these last when redeemed will be divided equally among general creditors and beneficiaries under the trust, and it may result that these last will not profit by the transanction ; and it may be that the assets in pledge are not such

as a trustee could lawfully invest in. The charter of the company has been annulled. The class of beneficiaries is now full. The time for division and application of the fund has arrived. The duties of this trustee are those of every other at the termination of the trust.

The beneficiaries are many, and presumably widely scattered. But doubtless this probability was in the foresight of the legislature when it permitted the treasurer of this state to become a trustee. And having failed to place any limitation upon his rights or powers as such, presumably it intended to leave him subject to the law of trusts.

The trustee and receivers are equal in means of knowledge as to the names of beneficiaries, and in ability to make distribution of the fund.

We are unable to discover any legal reason for granting the petition.

We think that under the statute, the terms of which we have stated, the receivers are entitled to the income and dividends which heretofore have accrued and to those which hereafter may accrue from the securities.

The Superior Court is advised that the treasurer is entitled to the possession of the fund.

In this opinion the other judges concurred.