Burket, J.
The statute under which the securities were deposited with the superintendent of insurance provides: “The securities deposited with the insurance department pursuant to this section shall be held by the superintendent in trust for the benefit and protection of and as security for the policy holders of such corporation, their legal representatives and beneficiaries.”
There is no provision in this statute for turning the securities over to an assignee or receiver in case of insolvency. On the contrary the securities are required to be held by the superintendent in trust for the benefit and protection of, and as security for, the policy holders. This evidently means that the policy holders are to be protected and secured by the superintendent himself, and not through an assignee or receiver. The duty of the superintendent to secure and protect the *421 policy holders in their rights is, by this statute, made a part of his official duties, and he must discharge that duty himself, and cannot shift it upon an assignee or receiver. The appointment of an assignee or receiver by a court cannot have the effect to relieve the superintendent of insurance of a part of his official duties. He is a trustee of the securities for the policy holders, and as such trustee obtained possession of the fund, and holds the same in his official trust capacity, and the appointment of an assignee— another trustee — cannot authorize such later appointee to compel the earlier trustee to surrender such trust fund. The trust adheres to the office of the superintendent of insurance, and its proper administration is a part of the official duties of the office, made so by the general assembly, and a court cannot change those duties, and relieve the superintendent of duties which the general assembly has imposed upon him. The following cases are more or less in point: Ruggles v. Chapman, 59 N.Y., 163, and 64 N.Y., 557; Cooke v. Warner, 56 Conn., 234; Beach on Insurance, Sec. 82; Joyce on Insurance, Sec. 3593.
The assignee stands in the shoes of the company, the assignor, and has the powers only of the assignor as to the collection of outstanding funds. And it is perfectly clear that the assignor, the insurance company, could not recover the securities in question from the superintendent of insurance without first showing that all its policies had been taken up, and that it-was no longer liable to any policy holder. So with the assignee, he must first show that the company is no longer liable to any policy holder before he can recover the securities from the superintendent of insurance.' As was said by the court in Falkenbach v. Patterson, 43 Ohio St., 359, on page 369: “The *422 superintendent of insurance should act and perform his trust, * * * and when the trust is fully performed the remainder of the deposit, if any, should be properly disposed ofthat is, it should then, and not till then, be paid over to the assignee.
We think it clear that the assignee is not entitled to the securities held by the superintendent of insurance, upon the facts disclosed in the petition, and the demurrer to the petition will therefore be sustained and the writ refused.

'Writ refused.

Min,shall, C. J., Williams, Burket, Spear, Davis and Shauck, JJ., concurred.